CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent. Velazquez’s defense attorney presented him a plea agreement that contained a promise on the part of the prosecutor to ask the judge to recommend’ to INS that Velazquez not be deported as a result of the conviction. The attorney told Velazquez that INS usually followed the court’s recommendation about deportation. That advice was wrong.
That incorrect advice affirmatively misled Velazquez in a way that amounted to deficient performance of counsel under United States v. Kwan, 407 F.3d 1005, 1015 (9th Cir. 2005). Velazquez’s attorney apparently did not realize that a guilty plea would result in an aggravated felony conviction and deportation, regardless of any judicial recommendation. Even if, as the majority contends, it were the case that a competent attorney might not have recognized at that time that the crime to which Velazquez pled guilty constituted an aggravated felony, or that INS could conceivably have decided not to pursue removal anyway, those observations miss the point. Velazquez was not told by his attorney that the law was uncertain, or that INS might decide not to follow through with deportation. He was told that INS usually followed the court’s recommendation, and that was not true. His attorney did not give him a guarantee that he would *624 avoid deportation, but he surely gave him false hope that he would probably avoid deportation by taking the plea deal. In particular, he was led to believe that a judicial recommendation would be of use to him in a circumstance where that was not true. That false hope induced Velazquez to agree to the plea deal. The attorney’s performance was deficient insofar as he effectively misled his client as to the immigration consequences of his plea agreement.
I also conclude that Velazquez was prejudiced by the deficient performance. Velazquez cooperated with the government and received a light sentence of probation. The prosecutor agreed to ask the court to recommend against deportation. It seems likely to me that a plea to a different offense that did not constitute an aggravated felony could have been negotiated, if the impact of the plea that he entered had been properly understood. The prosecutor may not have offered a plea agreement to a different offense, but it doesn’t appear that he was asked for a different deal, because Velazquez’s counsel did not understand that it could make a difference. Given that the prosecutor wanted Velazquez’s cooperation and agreed to ask the judge to recommend that Velazquez not be deported, there was a reasonable probability that the prosecutor would have agreed to a plea to an offense that did not have the dire deportation consequence of the plea that Velazquez entered. That is enough to establish prejudice.
I would vacate the dismissal and direct the entry of relief.